IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION


ABEL J. DEDEAUX                                                              PLAINTIFF

V.                                                                 NO. 4:10CV034-P-S

DENNIS GREGORY, et al.                                                      DEFENDANTS

## REPORT AND RECOMMENDATION

On June 28, 2010, the Plaintiff, an inmate currently in the custody of the Mississippi
Department of Corrections ("MDOC"), appeared before the court for a hearing pursuant to *Spears
v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his
complaint filed under to 42 U.S.C. § 1983.

In his complaint, the plaintiff claims that the defendants have denied him adequate medical
treatment for a bone deformity in his left ankle.  Specifically, the plaintiff states that in March of
2009 Dr. Barr, who is not employed by the Mississippi Department of Corrections ("MDOC") or this
lawsuit, performed surgery on plaintiff's left ankle to repair sports injury.  The plaintiff admits that
he was transported for several follow-up appointments with the surgeon.  The plaintiff was returned
to Parchman and placed in the medical unit for physical therapy over the next three months.  At the
conclusion of physical therapy, Dr. Santos informed the plaintiff that his x-rays were within normal
limits and that he had reached maximum recovery with rehabilitation.  The plaintiff was returned to
his regularly assigned cell.

In August of 2009, the plaintiff was still experiencing pain and loss of circulation in his left
foot and ankle.  He was transported to a hospital for consultation with a specialist.  The unidentified
specialist diagnosed the plaintiff with a degenerative bone disease and, accordingly to the plaintiff,
suggested that corrective surgery would be necessary.  At the *Spears* hearing, the plaintiff argued that
MDOC doctors did not follow the surgeon's orders with regard to physical therapy.  The theory
continues, that the failure to follow surgeon's orders has caused the on-going or degenerative

condition. The plaintiff acknowledged that the defendants are trying to "aid" him with treatment. The Plaintiff, however, is seeking monetary damages for this perceived constitutional violation. Finally, prior to the *Spears* hearing, the court obtained a copy of the plaintiff's medical records related to the treatment of his ankle. These records include approximately 859 pages of medical treatment.

### Denial of Adequate Medical Treatment

In order to prevail on an Eighth Amendment claim for denial or delay of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986). Similarly, "unsuccessful medical treatment" or even "medical malpractice" do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Based on the facts of this case as presented by the plaintiff, it is clear that he has not been denied medical care. The plaintiff admits that he was afforded surgery by a specialist with follow-up visits and three months of physical therapy. Though he may be unsatisfied with the treatment he received, the plaintiff cannot show that the defendants were deliberately indifferent to a substantial risk of serious harm. As demonstrated by the approximately 859 pages of medical records, the plaintiff has been repeatedly examined and treated. Therefore, the plaintiff's claim of denial of medical attention is plainly without merit and should be summarily dismissed.

Although the plaintiff is obviously dissatisfied with the treatment he received, the indisputable evidence in this case simply does not support a claim for 1983 relief. In legal terms, a 1983 claim will not lie because the plaintiff disagrees with the course, method and timing of medical treatment. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) (disagreement with the type or timing of medical services provided cannot support a 1983 claim); *see also Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Alternatively, the plaintiff's complaint may more appropriately be read to include a claim for delayed medical attention. Typically, cognizable claims of delayed medical treatment arise from emergency or urgent circumstances. *See Gibson v. Shabazz*, No. Civ. A. H-04-3405, 2005 WL 151396 at *13 (S.D. Tex. June 23, 2005) (noting that claims for delayed medical treatment typically involve "life-threatening situations."); *see also Buckley v. Correctional Medical Services, Inc*., 125 Fed. Appx. 98, 2005 WL 600651 (8th Cir. 2005) (20 month delay in scheduling elbow surgery after recommended did not state a 1983 claim delay was due to misunderstanding, non-emergency and not detrimental).

At this point, the plaintiff's claim for delayed medical treatment appears to be premature. There is no allegation that the plaintiff's condition is life-threatening. The plaintiff even admits that the defendants are trying to assist him with determining and securing appropriate treatment for his condition. It is possible that at some point in the future the plaintiff's circumstances may ripen into

a viable 1983 claim.  As the facts have been presented, however, the plaintiff's claim for delayed medical treatment is not ripe.

## Conclusion

It is the recommendation of the undersigned, therefore, that the plaintiff's complaint and all defendants be dismissed without prejudice to his right to reassert the claims, if necessary, in the future.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date.  Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court.  *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

The Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date.  The Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 30th day of June, 2010.


/s/ David Sanders
UNITED STATES MAGISTRATE JUDGE