**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

ABEL J. DEDEAUX     PLAINTIFF

V.     NO: 4:10CV34-GHD-DAS

DENNIS GREGORY, ET AL.     DEFENDANTS

## ORDER

Before the court are two motions filed by the pro se plaintiff. By his first motion (# 27), the plaintiff seeks to compel production of his medical records from the defendants named in the complaint. Because the defendants have not yet been called upon to answer the allegations of the complaint, the court is without authority to compel production of these records. And, to the extent the plaintiff's motion may be construed as a motion to subpoena these records, it is premature. This case is currently pending before the district judge on a report and recommendation (# 17) for summary dismissal for failure to state a claim, and no discovery has been allowed. Accordingly, the plaintiff's first motion is denied.

The plaintiff's second motion (#28) is for appointment of counsel. There is no automatic right to counsel in a §1983 case. *Wright v. Dallas County Sheriff Department*, 660 F.2d 623, 625-26 (5th Cir. 1981); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Unless there are "exceptional circumstances," a district court is not required to appoint counsel to represent indigent plaintiffs in a civil action. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *see also, Feist v. Jefferson County Commissioners Court*, 778 F.2d 250, 253 (5th Cir. 1985). The court finds the plaintiff has failed to show that any exceptional circumstance warrants appointment of counsel at this stage of the proceedings. Accordingly, this motion is denied without prejudice to

the plaintiff's right to reassert the motion should the court fail to adopt the pending report and recommendation.

      **SO ORDERED** this 20th day of October, 2010.

                                                                **/s/ David A. Sanders**
                                                                **U. S. MAGISTRATE JUDGE**